IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ABEL MENDOZA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. 3:11-cv-390 |
| | § | |
| | § | |
| CITY OF PALACIOS | § | **JURY DEMANDED** |
| | § | |
| Defendant. | § | |

**COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Abel Mendoza, files this Complaint and Jury Demand against Defendant City of Palacios, Texas, alleging willful violation of the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*, as amended by the ADA Amendments Act of 2008 ("ADA"), and the Texas Labor Code §21.051 *et seq.* For causes of action, Plaintiff would show the Court as follows:

**I.
PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff ABEL MENDOZA is a resident of Matagorda County, Texas.

2. Defendant CITY OF PALACIOS, which is located in Matagorda County, is an entity which can be served with Citation through serving the City Secretary, Keri Berger, at the following address: City Hall, 311 Henderson, Palacios, Texas 77465. *See* Texas Civil Practice and Remedies Code §17.024(b).

3. This Court has jurisdiction to hear the merits of Mr. Mendoza's claims under 28 U.S.C. §1331 and 42 U.S.C. §12117(a). The Court has supplemental jurisdiction over Mr. Mendoza's claims arising under Texas statutory law under 28 U.S.C. §1367.

4.  Venue is proper in this district and division under 42 U.S.C. §12117(a) (incorporating 42 U.S.C. §2000e-5(f)(3)) and 28 U.S.C. §1391(b)(1) because Defendant resides in this judicial district.

## II.
## FACTUAL BACKGROUND

5.  Plaintiff, Abel Mendoza, was hired by Defendant City of Palacios in March of 2008 as a Patrol Officer.

6.  On August 7, 2009, Mr. Mendoza was given a note from his doctor stating that he should not return to work until August 10, 2009, because his blood pressure was extremely elevated. Mr. Mendoza brought the note to the City on August 7, 2009, and remained off work on August 8 and 9, 2009, as ordered by his doctor.

7.  Mr. Mendoza was off for his regular days off on August 10 and 11, 2009.

8.  When Mr. Mendoza returned to work on August 12, 2009, he was called into the office of the Police Chief, David Miles. Mr. Miles held up the August 7, 2009, doctor's note, and yelled at Mr. Mendoza: "I'm not going to have this bullshit!" Chief Miles then angrily demanded Mr. Mendoza's resignation. Mr. Mendoza responded: "you'll have my resignation today." Mr. Mendoza then immediately went into the patrol room, wrote a resignation letter on the computer there, printed the letter, signed it, and brought it to Chief Miles. Chief Miles took the letter, and Mr. Mendoza left. His employment with the City ended on August 12, 2009.

## III.
## CAUSES OF ACTION
## COUNT ONE:

**Discrimination on the Basis of Disability in violation of the ADA and TCHRA**

9.  Defendant violated by the Americans with Disabilities Act and the Texas Commission on Human Rights Act by discharging Plaintiff. 42 U.S.C. § 12101 *et seq.;* Texas Labor

Code §21.001 *et seq.*

10. Under 42 U.S.C. §12112 and the Texas Labor Code, §21.001 *et seq.*, it is unlawful for an employer to discriminate against any individual with respect to his employment because of that individual's disability or because the employer regards the individual as a person with a disability.

11. Defendant is an employer under the ADA and the TCHRA.

12. Plaintiff was qualified for and could perform the essential functions of his job at the time of his termination. Plaintiff is a qualified individual with a disability, is a qualified individual with a record of a disability, and was regarded by the Defendant as a person with a disability.

13. Plaintiff was meeting his employer's expectations.

14. Plaintiff was terminated as a direct result of his disability, his record of having a disability, and/or because Defendant regarded Plaintiff as a person with a disability.

15. Defendant violated both the ADA and TCHRA by intentionally discriminating against Plaintiff because of his disability by terminating Plaintiff's employment. Plaintiff's disability and/or being regarded as disabled was a determining or motivating factor in Defendant's decision to terminate Plaintiff's employment. Plaintiff's disability and/or Defendant's perception of Plaintiff as a person with a disability moved Defendant toward its decision or was a factor that played a part in Defendant's employment decisions as to Plaintiff.

## IV.
## DAMAGES

As a result of Defendant's unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or

employment relationship, employment benefits in the past, and employment benefits in the future. Plaintiff has also incurred other actual damages as a result of Defendant's unlawful conduct, including but not limited to past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of earning capacity, loss of enjoyment of life, injury to professional standing, injury to character and reputation, and other pecuniary and non-pecuniary losses.

## V.
## COMPENSATORY DAMAGES

Defendant intentionally engaged in an unlawful employment practice by discriminating against Plaintiff because of his disability, his record of having a disability, and/or because Defendant regarded Plaintiff as being disabled. Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, injury to credit standing, job search expenses, lost earning capacity in the past and future, and other pecuniary and non-pecuniary losses.

## VI.
## PUNITIVE DAMAGES

The conduct committed by Defendant against Plaintiff is the type of conduct demonstrating malice or reckless indifference to the rights of the Plaintiff. Therefore, Plaintiff additionally brings suit for punitive damages.

## VII.
## ATTORNEYS' FEES AND EXPERT FEES

A prevailing party may recover reasonable attorneys' and experts' fees. SEE TEX. LAB. CODE §21.259; 42 U.S.C. §2000e-5(k). Plaintiff seeks all reasonable and necessary attorneys' fees in this

case, including preparation and trial of this lawsuit, post-trial, pre-appeal legal services, and any appeals. Plaintiff additionally brings suit for expert fees.

## VIII.
## JURY DEMAND

Plaintiff demands a trial by jury of all the issues and facts in this case and tenders herewith the requisite jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1. The Court assume jurisdiction of this cause;

2. The Court award Plaintiff damages as specified above;

3. The Court award Plaintiff reinstatement or, in the alternative, front pay;

4. The Court award Plaintiff's reasonable attorneys' and expert fees and costs;

5. The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

6. The Court award Plaintiff reinstatement with a requirement of reasonable accommodation, or, in the alternative, that the Court award front pay to the Plaintiff.

Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

Respectfully submitted,

ROSS LAW GROUP
1104 San Antonio St.
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile

s/ Kell A. Simon
Kell A. Simon
State Bar No. 24060888
ATTORNEY FOR PLAINTIFF